IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mateusz Tomasz Szelinger,<br><br>Plaintiff,<br><br>vs.<br><br>United States Citizenship and Immigration Services, National Benefit Center, Jennifer B. Higgins, Kristi Noem, Pam Bondi,<br><br>Defendants. | C/A No. 6:25-cv-00706-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action filed by a non-prisoner. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on February 7, 2025 (doc. 1). Having reviewed the plaintiff's complaint, the undersigned recommends it be dismissed.

## ALLEGATIONS

The plaintiff, a non-prisoner, filed this mandamus action seeking injunctive relief from the defendants (doc. 1). The plaintiff alleges, "by and through counsel," that he seeks a writ of mandamus compelling the defendants to process the plaintiff's immigration case in a "timely and lawful manner" (*id*. at 1). The plaintiff seeks relief from Ms. Higgins, who used to be the director of the United States Citizenship and Immigration Services ("USCIS"); Ms. Noem, the secretary of the Department of Homeland Security ("DHS"); and Ms. Bondi, the attorney general for the United States (*id.*). The plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 (*id.*).

The plaintiff alleges that he submitted an I-485 Application to Register Permanent Residence or Adjust Status ("I-485 Application") in Miami, Florida on March 28, 2022 (docs. 1 at 2; 1-1). The plaintiff contends that processing time for his I-485 Application is supposed to be sixteen months, but the plaintiff has waited thirty-four months with no determination on his application (doc. 1 at 2). The plaintiff requested updates in 2024, but his requests for an expedited consideration were denied and he was not given a clear status on his case (*id*.). The plaintiff requested assistance from his congressman, but no progress has been made (*id*.).

The plaintiff alleges that under the Administrative Procedures Act ("APA"), he is entitled to mandamus relief requiring USCIS to process his I-485 Application (*id*.). The plaintiff contends that making inquiries regarding the status of his I-485 Application means he has exhausted his administrative remedies (*id*. at 2). The plaintiff alleges that he seeks judicial intervention to compel the USCIS to act on his I-485 Application (*id*. at 3). For relief, the plaintiff seeks a writ of mandamus compelling completion of consideration of his I-485 Application, reimbursement for attorney's fees and costs, and any other relief the court deems proper (*id*. at 3). Attached to the plaintiff's complaint are copies of his I-485 Application and status updates in the USCIS system (doc. 1-1).

## **STANDARD OF REVIEW**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This court possesses the inherent authority to review

the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915.[1] *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *Report and Recommendation adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

## **DISCUSSION**

As noted above, the plaintiff filed this action seeking injunctive relief from the defendants. For the reasons that follow, the undersigned recommends that the instant matter be dismissed. As an initial matter, the plaintiff purports to bring this case "by and through counsel" (doc. 1 at 1); however, the pleadings in this case indicate that the plaintiff is proceeding *pro se*. As such, the plaintiff's allegations will be reviewed under the standard for those submitted by *pro se* litigants, as outlined above.

---

[1] The plaintiff paid the full filing fee; thus, this case is not subject to the pre-screening provisions of 28 U.S.C. § 1915. Further, the plaintiff is not a prisoner; thus, the case is not subject to the screening provided for in 28 U.S.C. § 1915A.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There are two types of federal jurisdiction: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction arises when the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, is conferred upon the Court when a suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, the plaintiff asserts federal question jurisdiction (doc. 1 at 1). However, for the reasons that follow, the undersigned recommends that the instant matter be dismissed.

As an initial matter, the plaintiff may not rely on the Mandamus Act or the Administrative Procedures Act ("APA") to have this court compel agency action on the plaintiff's I-485 Application secondary to alleged unreasonable delay. Writs of mandamus are drastic remedies to be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Mandamus relief is available only when there are no other means by which the relief sought could be granted and the party seeking mandamus carries a heavy burden to show that the entitlement to such relief is clear and indisputable. *Mallard*

*v. U.S. Dist. Ct.*, 490 U.S. 296, 309 (1989). However, mandamus cannot be used to compel the performance of discretionary duties – only ministerial acts. *Plato v. Roudebush*, 397 F.Supp. 1295, 1304–05 (D. Md. 1975). Ministerial acts are those that the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *Garcia v. U.S. Att'y Gen.*, C/A No. 8:23-cv-03501-JFA-JDA, 2023 WL 7224436, at *2–3 (D.S.C. Aug. 1, 2023) (internal citations omitted), *Report and Recommendation adopted by* 2023 WL 6619424 (D.S.C. Oct. 11, 2023), *appeal dismissed* C/A No. 23-7112, 2024 WL 1926204 (4th Cir. 2024). Similarly, the APA only permits a court to compel agency action when the agency has failed to take a discrete – non-discretionary – action that it is required by law to take. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021) (internal citation omitted). Accordingly, while the USCIS may have a non-discretionary duty to adjudicate an application for permanent residence status, the pace of processing that application is generally considered discretionary. *See Shalev v. Gonzales*, C/A No. 8:07-cv-00256-PJM, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) (holding that a "district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act."). Accordingly, the plaintiff may not seek relief pursuant to the Mandamus Act or the APA.

Further, the instant matter should be dismissed because 8 U.S.C. § 1252(a)(2)(B)(ii) expressly divests this court of subject matter jurisdiction over the plaintiff's claims. For example, the Immigration and Nationality Act authorizes the Attorney General to adjust permanent residence status of certain aliens who have been admitted into the United states at his/her "discretion" and under regulations set by his office. 8 U.S.C. § 1255(a). However, that statute notes that "no court shall have jurisdiction to review" any discretionary "decision or action" made regarding certain immigration issues, including the "adjustment of an alien's status." *See Rashford v. Garland*, C/A No. 2:24-cv-04429-BHH-

MGB, 2024 WL 4437727, at *3 (D.S.C. Sept. 17, 2024) (internal quotation marks and citation omitted), *Report and Recommendation adopted by* 2024 WL 4433420 (D.S.C Oct. 7, 2024). The plaintiff points to *Han Cao v. Upchurch*, 496 F.Supp.2d 569 (E.D. Pa. July 16, 2007) as having found jurisdiction over claims similar to the plaintiff's herein. However, *Han Cao* is a decision from the United States District Court for the Eastern District of Pennsylvania and is not binding upon this court. Further, courts within this district have found that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the entire application process, including its pace.[2] *Chen v. Mayorkas*, C/A No. 8:23-cv-00315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *Report and Recommendation adopted by* 2023 WL 2308513 (D.S.C. Mar. 1, 2023); *see Patel v. Gonzales*, C/A No. 8:07-cv-1625-DKC, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (holding that § 1252(a)(2)(B)(ii) "effectively divests th[e] court of jurisdiction to review the pace at which USCIS adjudicates [Form I-485] claims"). As such, this case is subject to dismissal.

**<u>RECOMMENDATION</u>**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss this action without prejudice (for lack of subject matter jurisdiction), without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses

[2] There are some outlying cases in this circuit that have found subject matter jurisdiction despite § 1252; however, the United States District Court for the District of South Carolina has generally adopted the sound reasoning of the cases cited herein. *Compare Aslam v. Mukasey*, 531 F.Supp.2d 736, 740 (E.D. Va. 2008) (finding jurisdiction not precluded under 8 U.S.C. § 1252(a)(2)(B)(ii) and ordering adjudication of the immigration petition) *with Chen*, 2023 WL 2308513 (noting jurisdiction precluded under 8 U.S.C. § 1252(a)(2)(B)(ii) to review immigration petition).

a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 5, 2025
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).