IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mateusz Tomasz Szelinger, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-706-BHH |
| v. ) | |
| ) | **ORDER** |
| United States Citizenship and ) | |
| Immigration Services, National Benefit ) | |
| Center, Jennifer B. Higgins, Kristi ) | |
| Noem, Pam Bondi, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Mateusz Tomasz Szelinger's ("Plaintiff") *pro se* complaint seeking a writ of mandamus compelling Defendants to process his immigration case in a "timely and lawful manner." (ECF No. 1 at 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 5, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint for injunctive relief because Plaintiff cannot rely on the Mandamus Act or the Administrative Procedures Act to ask this Court to compel agency action on Plaintiff's I-485 application based on alleged unreasonable delay. (ECF No. 5 at 4-5.) Additionally, the Magistrate Judge found that this action should be dismissed because 8 U.S.C. § 1252(a)(2)(B)(ii) expressly divests this Court of subject matter jurisdiction over Plaintiff's claims. (*Id.* at 5.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

to file written objections to the Report within fourteen days of being served with a copy. On March 18, 2025, Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 7.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his objections, Plaintiff asserts that the Court has subject matter jurisdiction under the APA to compel USCIS to act on his delayed I-485 application, and he points to federal cases from California and Pennsylvania in support. (*Id*. at 1-2.) Next, Plaintiff asserts that he satisfies the factors for demonstrating that the agency's delay is unreasonable, citing to a case from the D.C. Circuit Court. (*Id.* at 2.) Lastly, Plaintiff asserts that his case is not unique and that other courts have granted mandamus relief for long-delayed I-485 applications. (*Id.* at 3.)

After *de novo* review, the Court finds Plaintiff's objections unavailing, and the Court agrees with the Magistrate Judge's analysis. Stated plainly, although Plaintiff is correct that courts in other districts and circuits have found jurisdiction over claims similar to Plaintiff's claims, courts within the Fourth Circuit and in the District of South Carolina have generally found that USCIC has discretion over the I-485 application process, including its pace, and

that district courts therefore lack jurisdiction to compel USCIC to adjudicate an I-485 application under the mandamus statute, the APA, or the Declaratory Judgment Act. *See, e.g.*, *Shalev v. Gonzales*, No. 8:07-cv-00256-PJM, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007); *Rashford v. Garland*, No. 2:24-4429-BHH-MGB, 2024 WL 4437727, at 2-3 (D.S.C. Sept. 17, 2024) (finding § 1252(a)(2)(B)(ii) precluded judicial review of substantially similar claim and summarily dismissing complaint), *adopted by* 2024 WL 4433420 (D.S.C. Oct. 7, 2024);*Chen v. Mayorkas*, No. 8:23-cv-00315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *Report and Recommendation adopted by* 2023 WL 2308513 (D.S.C. Mar. 1, 2023); *Patel v. Gonzales*, No. 8:07-cv-1625-DKC, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (holding that § 1252(a)(2)(B)(ii) "effectively divests th[e] court of jurisdiction to review the pace at which USCIS adjudicates [Form I-485] claims").

Ultimately, in light of the cases from courts within the Fourth Circuit and the District of South Carolina finding the same, this Court agrees with the Magistrate Judge and finds that the Court lacks subject matter jurisdiction over this action seeking injunctive relief from Defendant. Accordingly, the Court **adopts and incorporates the Magistrate Judge's Report (ECF No. 5); the Court overrules Plaintiff's objections (ECF No. 7); and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 20, 2025
Charleston, South Carolina